**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GREGORY TURNER, | DOCKET NUMBER |
| Appellant, | AT-0353-17-0732-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: April 8, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Gregory Turner, Memphis, Tennessee, pro se.

Cynthia R. Allen, Memphis, Tennessee, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed this restoration appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has filed several restoration appeals related to a compensable injury he suffered in 2006. In one, from 2010, an administrative judge found that the agency violated the appellant's restoration rights as a partially recovered employee. *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-10-0960-I-1 (0960 appeal), Initial Appeal File, Tab 39, Initial Decision. After the decision became final in the 0960 appeal, the appellant filed a petition for enforcement. *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-10-0960-C-1, Compliance File (0960 CF), Tab 1. The administrative judge denied his petition for enforcement but docketed another appeal because the appellant appeared to present a separate restoration claim. 0960 CF, Tab 11, Compliance Initial Decision; *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-14-0838-I-1 (0838 appeal), Initial Appeal File (0838 IAF), Tab 1. In the 0838 appeal, the appellant alleged that, in September 2013, the agency improperly reduced the hours of his modified assignment, but the administrative judge dismissed that appeal for lack of jurisdiction. 0838 IAF, Tab 13, Initial Decision. After the appellant filed a petition for review, the Board vacated the initial decision and remanded for further adjudication. *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-14-0838-I-1, Remand Order (Sept. 28, 2015). On remand, the administrative judge dismissed the case for failure to prosecute. *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-14-0838-B-1, Tab 16, Remand Initial Decision.

During the adjudication of his 0838 appeal, the appellant filed another appeal, pertaining to an alleged denial of restoration in December 2014. *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0752-15-0199-I-1 (0199 appeal), Initial Appeal File (0199 IAF), Tab 1. The administrative judge similarly dismissed the 0199 appeal for failure to prosecute. 0199 IAF, Tab 32, Initial Decision. After the appellant filed identical petitions for review of the 0838 appeal and 0199 appeal, the Board joined those appeals and affirmed the

administrative judge's dismissals.  *Turner v. U.S. Postal Service*, 123 M.S.P.R. 640 (2016), *aff'd*, 681 F. App'x 934 (Fed. Cir. 2017).

The appellant filed another restoration appeal in September 2016, pertaining to an alleged denial of restoration the month before.  *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-16-0826-I-1 (0826 appeal), Initial Appeal File (0826 IAF), Tab 1.  The administrative judge dismissed the 0826 appeal, without a hearing, for lack of jurisdiction.  0826 IAF, Tab 10, Initial Decision.  The appellant filed a petition for review in the 0826 appeal, which we have addressed in a separate order.  *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-16-0826-I-1, Petition for Review File, Tab 1.

While the appellant's petition for review was pending in the 0826 appeal, he filed the instant appeal, alleging that the agency again denied him restoration. *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-17-0732-I-1 (0732 appeal), Initial Appeal File (0732 IAF), Tab 1, Tab 9 at 8.  The administrative judge presiding over this 0732 appeal also dismissed this case for lack of jurisdiction, without holding the requested hearing.  0732 IAF, Tab 12, Initial Decision (0732 ID).  The appellant has filed a petition for review.  *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-17-0732-I-1, Petition for Review (0732 PFR) File, Tab 1.  The agency has filed a response, and the appellant has replied.  0732 PFR File, Tabs 3-4.

To establish Board jurisdiction over a restoration claim as a partially recovered employee, an appellant must make nonfrivolous allegations that:  (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious.  *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 12.  The agency does not appear to dispute that the first two prongs of the appellant's jurisdictional burden are satisfied in the case before us.  0732 IAF,

Tab 7 at 6-7. Therefore, this decision will focus on the third and fourth prongs of that burden.

In June 2014, the appellant underwent an independent medical evaluation with an orthopedist. That physician concluded that, because of his compensable injury, the appellant was permanently limited to working 6 hours per day; bending and stooping 1 hour per day; and pushing, pulling, and lifting no more than 25 pounds, for 1 hour per day. 0199 IAF, Tab 8 at 22; 0826 IAF, Tab 9 at 14-17. In November 2014, the Office of Workers' Compensation Programs (OWCP) notified the appellant that it was terminating his wage compensation for refusing suitable work.[2] 0826 IAF, Tab 5 at 82-84. In doing so, the OWCP concluded that an offer of modified assignment from July 2014 was consistent with the aforementioned medical evaluation and recommended limitations.[3] *Id*.

Soon after the OWCP notified the appellant that it was terminating his wage compensation for refusing suitable work, the appellant seems to have accepted a modified assignment, at least for a brief period. 0826 IAF, Tab 5 at 81. However, that offer did not include the 25-pound weight restriction, and so the appellant filed a grievance. *Id*.; 0732 IAF, Tab 9 at 15-19. Ultimately, the grievance was resolved in the appellant's favor, concluding that the modified position offered on November 26, 2014, was improper because it did not include the 25-pound lifting, pushing, and pulling limitations. 0732 IAF, Tab 9 at 15-19.

In January 2015, the agency extended another offer of modified assignment. 0826 IAF, Tab 6 at 19. The assignment required no more than 6 hours of work per day; bending and stooping 1 hour per day; and pushing,

---

[2] The termination of OWCP benefits does not preclude an appellant from presenting a valid restoration claim. *See Artis v. U.S. Postal Service*, 88 M.S.P.R. 309, ¶¶ 7, 9 (2001) (remanding for further adjudication to determine whether the appellant requested restoration prior to her proposed removal for excessive absenteeism, including the period after the termination of her OWCP benefits).

[3] The OWCP notification described the suitable work as being offered on July 11, 2014. 0826 IAF, Tab 5 at 83. It appears that this is in reference to an offer of modified assignment, which includes a signature from the appellant's supervisor on July 11, 2014, but reflects July 12, 2014, as the date offered. 0199 IAF, Tab 8 at 21.

pulling, and lifting no more than 25 pounds, for 1 hour per day. *Id*. That January 2015 offer is consistent with the June 2014 medical evaluation, which the OWCP relied on in rendering its earlier determination regarding the refusal of suitable work. *Compare* 0826 IAF, Tab 6 at 19, *with* 0199 IAF, Tab 8 at 21; 0826 IAF, Tab 9 at 14-17. It also is consistent with the aforementioned grievance decision. *Compare* 0826 IAF, Tab 6 at 19, *with* 0732 IAF, Tab 9 at 15-19. Although the appellant declined the January 2015 offer, the agency explicitly noted that the offer would remain available if he chose to return. 0826 IAF, Tab 6 at 18.

Around the time of his initial pleading in this 0732 appeal, filed in August 2017, the appellant contacted the agency about accepting its standing offer of a limited-duty assignment, which dated back to January 2015. 0732 IAF, Tab 1 at 3, Tab 9 at 24. As a result, while the 0732 appeal was pending, the agency instructed the appellant to return to work on September 18, 2017. 0732 IAF, Tab 9 at 24. Although the appellant reportedly appeared, as instructed, he did not accept the offered assignment. *Id*. at 8.

The administrative judge dismissed this 0732 appeal, finding that the appellant failed to nonfrivolously allege that the agency denied his request for restoration. 0732 ID at 3-4. She explained that the agency had, in fact, offered him a modified position that was both consistent with his medical documentation and previously approved by the OWCP. *Id*. at 2-4; *see New v. Department of Veterans Affairs*, 142 F.3d 1259, 1264 (Fed. Cir. 1998) (recognizing that decisions on the suitability of an offered position are within the exclusive domain of the OWCP, and it is that agency, not the employing agency and not the Board, which possesses the requisite expertise to evaluate whether a position is suitable in light of that employee's particular medical condition). For the reasons that follow, we disagree with the administrative judge's conclusion and remand the matter for further adjudication.

Partially recovered employees may not appeal an improper restoration to the Board; they may only appeal to the Board for a determination of whether the agency acted arbitrarily and capriciously in denying restoration. *Jones v. U.S. Postal Service*, 86 M.S.P.R. 464, ¶ 5 (2000). Nevertheless, under appropriate circumstances, a restoration may be deemed so unreasonable as to amount to a denial of restoration within the Board's jurisdiction. *Id.* To make a nonfrivolous showing of Board jurisdiction over an appeal on that basis, an appellant must present specific, independent evidence corroborating his allegations. *Id.*

As detailed above, based upon the combined records from the appellant's various appeals, it appears that the OWCP found an offer suitable when its restrictions included 1 hour of bending or stooping and 1 hour of pushing, pulling, or lifting 25 pounds. *Supra* p. 4. While the agency's standing offer from January 2015 was consistent with that OWCP finding, the record suggests that the agency amended the offer when the appellant actually attempted to return, in September 2017. The record includes a September 2017 offer of modified assignment, describing physical requirements of 4 hours of bending or stooping, in addition to 4 hours of lifting, pushing, and pulling up to 70 pounds. 0732 IAF, Tab 9 at 25. Accordingly, the records before us include evidence suggesting that the agency's job offer included physical requirements that exceeded the only modified position the OWCP found suitable.[4] *See Ballesteros v. U.S. Postal Service*, 88 M.S.P.R. 428, ¶¶ 8-9 (2001) (recognizing that, absent of an OWCP suitability determination, the Board is free to consider the reasonableness of an agency's job offer to determine if it amounted to an effective denial of restoration). Under these specific circumstances, we find that the appellant met his jurisdictional burden. The appellant has presented specific independent

---

[4] It appears that the administrative judge relied on the evidence that had been submitted in the 0732 appeal, including OWCP Form CA-17, Duty Status Reports, without the benefit of evidence from the 0199 appeal or 0826 appeal, which more clearly shows what modified offer the OWCP found suitable. *Compare* 0732 ID at 4 (referencing 0732 IAF, Tab 9 at 22-23), *with supra* p. 4.

evidence suggesting that the agency offered him a modified position that far exceeded permanent limitations caused by a compensable injury.

On remand, the administrative judge should address the agency's September 2017 offer of modified assignment. The administrative judge should afford the appellant his requested hearing and address the merits of this claim. 0732 IAF, Tab 1 at 2.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.